UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARISSA PEREZ, Individually and as | ) | |
| Natural Parent of R.G., and R.G., by her | ) | |
| Next Friend, Marissa Perez, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV01064 ERW |
| | ) | |
| FOREST LABORATORIES, INC., and | ) | |
| FOREST PHARMACEUTICALS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Remand the case to state court [ECF No. 15].

## I.    BACKGROUND

On June 8, 2012, Plaintiffs filed this product liability action against Forest Laboratories Inc., and Forest Pharmaceuticals Inc., in the Circuit Court of St. Louis County, Missouri.  Six days later, on June 14, 2012, prior to either defendant being served, Forest Laboratories Inc., ("Forest") filed a Notice of Removal [ECF No. 1] in this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1]  Removal was based on diversity of citizenship which is undisputed by the parties.  Plaintiffs are citizens of Florida.  Forest is incorporated in Delaware with its principal place of business in New York, and Forest Pharmaceuticals Inc., is incorporated in Delaware

---

[1]Forest Pharmaceuticals, Inc., consented to removal of this action [ECF No. 1, Exhibit 10].

with its principal place of business in Missouri.  The Notice of Removal alleges that the amount in controversy exceeds $75,000.  Plaintiffs subsequently filed the instant Motion to Remand.

Plaintiffs contend this action should be remanded to state court due to lack of federal subject matter jurisdiction.  Plaintiffs argue that Forest engaged in legal gamesmanship by effecting pre-service removal, which violates the legislative intent relating to removal jurisdiction.  Specifically, Plaintiffs maintain that Forest hawked the docket to remove the action a mere six days after it was filed, before the forum defendant, Forest Pharmaceuticals, Inc., could be served and trigger the "forum defendant rule."[2]  Plaintiffs maintain that the removal, nonetheless, does constitute a violation of the forum defendant rule.  Furthermore, the Plaintiffs note that in the Eighth Circuit, the forum defendant rule is deemed jurisdictional, and its violation requires remand.[3]  In opposition to Plaintiffs' Motion, Forest argues that (1) complete diversity exists, (2) Forest timely removed this case, and (3) under the plain meaning of the statute, 28 U.S.C. § 1441(b)(2), the forum defendant rule is inapplicable here, as Forest Pharmaceuticals Inc., although a citizen of Missouri, was not properly "joined and served" at the time of removal.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.of*

---

[2]The forum defendant rule refers to the limitation in 28 U.S.C. § 1441 (b)(2), which provides that diversity cases may not be removed from state court if any of the parties, properly joined and served as defendants in the action, are a citizen of the state in which the plaintiff filed the lawsuit.

[3]The Eighth Circuit construes the forum defendant rule as a jurisdictional requirement which further limits subject matter jurisdiction based on diversity of citizenship, and is not subject to waiver.  *See Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160-61 (8th Cir. 1981).

*Am.*, 511 U.S. 375, 377 (1994).  Where so authorized, the courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  *Barzilay v. Barzilay*, 536 F.3d 844, 849 (8th Cir. 2008) (alteration in the original) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  Federal district courts have subject matter jurisdiction over cases that meet the standards for diversity jurisdiction and cases that raise federal questions.  *See Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).  Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, and the parties are citizens of different states.  28 U.S.C. § 1332(a).  Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir. 2007).

A defendant may remove an action from state court to federal court only when a federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005).[4] However, there is a restriction on the removal of diversity cases known as the "forum defendant rule."  This rule, set forth in 28 U.S.C. § 1441(b), makes diversity jurisdiction in a removal case narrower than if the case was originally filed in federal court by the plaintiff.  *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992).  Under the "forum defendant rule," a defendant can remove a case based on diversity jurisdiction only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005); *Horton v. Conklin*,

---

[4]Because this action was commenced after January 6, 2012, the Federal Courts Jurisdiction and Venue Clarifications Act of 2011 (P.L. 112–63, 125 Stat. 758), applies to this case.  The Court notes, though, that the changes to Section 1441(b) do not impact the Court's analysis on the relevant issues.

431 F.3d 602, 604 (8th Cir. 2005) (internal citations omitted).  Federal courts lack diversity

jurisdiction over a removed case in which one of the defendants is a citizen of the forum state.

*Hinkle v. Norfolk S. Ry. Co.*, No. 4:05CV1867, 2006 WL 2521445, at *2 (E.D. Mo. Aug. 29,

2006) (internal citations omitted).  Furthermore, "[t]he violation of the forum defendant rule is a

jurisdictional defect and 'not a mere procedural irregularity capable of being waived.' " *Horton*,

431 F.3d at 605 (quoting *Hurt*, 963 F.2d at 1146).

     A party seeking to remove a case to federal court bears the burden of establishing federal

subject matter jurisdiction.  *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir.

1993) (internal citations omitted).  Removal statutes are to be strictly construed, and all doubts

are to be resolved in favor of remand.  *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d

1266, 1270 (8th Cir. 1995); *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir.

2010), *cert. denied* 131 S. Ct. 474 (2010).

## III.    DISCUSSION

     In Forest's Notice of Removal [ECF No. 1], Forest contends that the forum defendant

rule is inapplicable as there is complete diversity between the parties and removal occurred

before the forum defendant, Forest Pharmaceuticals, Inc., was served.  Plaintiffs do not dispute

that there is complete diversity between the parties or that removal took place prior to service.

However, Plaintiffs argue, in their Memorandum in Support of Motion to Remand [ECF No. 16],

that the forum defendant rule was violated by Forest monitoring the docket and removing the

case a mere six days after it was filed, and before either defendant could possibly be served.

According to Plaintiffs, the state clerk had not yet issued summons, much less delivered it to the

sheriff, when Forest removed this action.  Plaintiffs reason that the forum defendant rule is

applicable here and Forest Pharmaceuticals Inc.'s Missouri citizenship is a basis for remand.

In order to evaluate the propriety of the Plaintiffs' Motion to Remand, the purposes behind diversity jurisdiction, removal jurisdiction, the forum defendant rule, and the "joined and served" language of 28 U.S.C. § 1441(b)(2) must be examined.

The purpose of federal diversity jurisdiction is to avoid possible prejudice to an out-of-state defendant. *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 54 (1954) (Frankfurter, J., concurring). Removal based on diversity jurisdiction is premised on protecting non-resident litigants from prejudice in state court. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158-59 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). "The need for such protection [from local bias] is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively v. Wild Oats Mkts., Inc.,* 456 F.3d 933, 940 (9th Cir. 2006). In a similar fashion, with a case involving multiple defendants where at least one is a citizen of the forum state, the forum defendant rule still bars removal as the likelihood of local bias against all defendants is too attenuated to justify removal. *See Dresser Indus., Inc. v. Underwriters at Lloyd's of London,* 106 F.3d 494, 499 (3d Cir. 1997) (noting that while "diversity jurisdiction exists because of a fear that the state tribunal would be prejudiced towards the out-of-state plaintiff or defendant, that concern is understandably allayed when that party is joined with a citizen from the forum-state").

"The forum defendant rule, however, creates an opportunity for procedural gamesmanship on behalf of plaintiffs trying to keep an action in state court." *Fields v. Organon USA Inc.*, No. 07-2922, 2007 WL 4365312, at *3 (D.N.J. Dec. 12, 2007). A plaintiff could either improperly join a forum defendant, or alternatively, a plaintiff could join a forum defendant that the plaintiff had no honest intention of actually pursuing in litigation, and then not serve the forum defendant. *Id.* Section 1441(b) attempts to eliminate these potential abuses by requiring

that the forum defendant be "properly joined and served." *Id.* (quoting *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.,* 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003)). "[T]he purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Id. See also Perfect Output of Kan. City, LLC v. Ricoh Americas Corp.*, No. 12-0189, 2012 WL 2921852, at *2 (W.D. Mo. July 17, 2012).

Plaintiffs argue that permitting Forest to remove, based on a literal reading of the "properly joined and served" language, is to allow a similar type of gamesmanship by a defendant that this qualification was aimed at barring from a plaintiff. Plaintiffs argue that hawking the docket to effect pre-service removal of an action with a forum defendant is contrary to legislative intent relating to removal jurisdiction.

Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving. When the "joined and served" language was added to Section 1441(b) in 1948, "Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by ... electronically monitoring state court dockets." *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 645-46 (D.N.J. 2008). "As a matter of common sense, ... Congress did not add the "properly joined and served" language in order to reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve process." *Id.* at 646. Two orders to remand that were issued sua sponte, in March, 2012, by this Court, under factually indistinguishable circumstances, including the same defendants as the instant action, disallowed

pre-service removal.  In *Fisher v. Forest Laboratories Inc.*, No. 4:12CV322, slip op. at 3-4 (E.D. Mo. Mar. 21, 2012), and *Hernandez v. Forest Laboratories, Inc*., No. 4:12CV321, slip op. at 3-4 (E.D. Mo. Mar. 21, 2012), the court noted that the mere failure to serve a defendant who would defeat diversity jurisdiction, does not allow a court to ignore that defendant in determining the propriety of removal.[5]  In *Fisher* and *Hernandez*, as here, there was complete diversity between the named parties, and the out-of-state defendant, Forest, removed before the plaintiff could effect service to either Forest or the forum defendant (Forest Pharmaceuticals, Inc.).  *Fisher*, No. 4:12CV322, at 1; *Hernandez*, No. 4:12CV321, at 1. The court observed that it was absurd to interpret the "joined and served" requirement to condone this kind of gamesmanship from defendants.  *Fisher*, No. 4:12CV322 at 3 n.3 (internal citations omitted); *Hernandez*, No. 4:12CV321 at 3 n.3 (internal citations omitted).

The rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served.  In *Perfect Output of Kansas City,* 2012 WL 2921852, at *1, a forum defendant from Missouri removed the action before being served.  The court in *Perfect Output of Kansas City* granted remand, reasoning that "allowing a defendant to remove a case before a plaintiff even has a chance to serve him would provide a

---

[5]Plaintiffs cite *Fisher* and *Hernandez* in support of their Motion to Remand.  Forest notes, however, that both *Fisher* and *Hernandez* rely on *Pecherski v. Gen'l Motors Corp.*, 636 F.2d 1156 (8th Cir. 1981), to establish lack of subject matter jurisdiction, requiring remand.  *Fisher*, No. 4:12CV322, at 2; *Hernandez*, No. 4:12CV321, at 2.  However, the issue in *Fisher* and *Hernandez*, as well as here, is whether a defendant can remove to federal court based on diversity by monitoring the docket and removing prior to service being effected on a forum defendant. *Pecherski*, on the other hand, addresses the propriety of removal where a defendant, who has not been served and who is a citizen of the same state as a plaintiff, destroys complete diversity. *Pecherski*, 636 F.2d at 1160.  Complete diversity is undisputed here.  Instead, the question involves a defendant that is a citizen of the state in which the action was originally brought, as opposed to *Pecherski*, which involves a defendant that is a citizen of plaintiff's state of citizenship.  *Id*. at 1159.

vehicle for defendants to manipulate the operation of the removal statutes." *Id.* at *2. The court adds that Congress surely could not have intended to sanction lawyers camping out at the courthouse, monitoring state filings in order to remove before service can be effected. *Id.* When the defendant seeking to remove hails from the forum state, there is no fear of local bias. *Fields*, 2007 WL 4365312, at *4. Removal under such circumstances frustrates the policy underlying the forum defendant rule. *Id. See also Vivas v. Boeing Co.,* 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007).

Although a forum defendant's pre-service removal is a particularly egregious violation of the rationale underlying the forum defendant rule, an out-of-state defendant's removal when there is an unserved forum defendant, as in the instant case, has also been deemed inconsistent with policy, and subject to remand. *Fisher* and *Hernandez* raised the propriety of removal sua sponte, ordering remand and noting the gamesmanship of the pre-service removals by Forest. Even in the absence of gamesmanship, a New Jersey district court ordered remand, finding that a pre-service removal by an out-of-state defendant joined to an unserved forum defendant violated the forum defendant rule. *Walborn v. Szu*, No. 08-6178, 2009 WL 983854, at **1,6 (D.N.J. Apr. 7, 2007). In *Walborn*, an out-of-state defendant removed the case without gamesmanship two months after it was filed, prior to the service of a forum defendant from New Jersey. The court concluded that the "joined and served" language of Section 1441(b)(2) does not allow a defendant to remove a case that would otherwise be subject to the forum defendant rule, simply because the plaintiff has not yet served the defendant residing in the forum state. *Id.* at *4. In *Walborn*, the plaintiff had attempted to serve the forum defendant , and succeeded soon after the case was removed. *Id.* at **4-5. Additionally, the court found no evidence that the plaintiff's joinder of the forum defendant was improper. *Id.* Thus, the court surmised that the situation was

not one addressed by the "joined and served" qualification and ordered remand. *Id.* at *5. The court further noted that removal might be proper, and remand denied, when a out-of-state defendant removes in a situation where the forum defendant is named but never served.[6] *Id.*

Although the emerging trend seems in favor of disallowing pre-service removal, some courts have come to the opposite conclusion. Several decisions in the Eastern District of Missouri have adhered to the plain meaning of Section 1441(b)(2), and applied the "joined and served" language of the forum defendant rule, allowing removal if the forum defendant had not been served. *See, e.g.*, *Taylor v. Cottrell, Inc.*, No. 4:09CV536, 2009 WL 1657427, at *1 (E.D. Mo. June 10, 2009); *Brake v. Reser's Fine Foods, Inc.*, No. 4:08CV1879, 2009 WL 213013, at *1–3 (E.D. Mo. Jan. 28, 2009); *Johnson v. Precision Airmotive, LLC*, No. 4:07CV1695, 2007 WL 4289656, at *1 (E.D. Mo. Dec. 4, 2007), and; *Terry v. J.D. Street and Co., Inc.*, No. 4:09CV01471, 2010 WL 3829201, at **5-6 (E.D. Mo. Sept. 23, 2010). Forest cites this line of decisions in arguing that its removal was timely and proper under the plain language of the statute.[7] Forest maintains that the Court may not ignore the clear statutory language of "joined and served."[8]

---

[6]In Forest's Memorandum in Opposition to Plaintiffs' Motion to Remand [ECF No. 19], Forest points out that Plaintiffs had not yet served Defendant Forest Pharmaceuticals, Inc. In their Reply Memorandum in Support of Motion to Remand [ECF No. 20], Plaintiffs state that neither Defendant has been served due to the removal of the action, and refute Forest's suggestion that they do not intend to prosecute their claims against Forest Pharmaceuticals, Inc. Other than this suggestion, Forest does not claim that Forest Pharmaceuticals, Inc., has been fraudulently joined. Forest has the burden of proof to establish federal subject matter jurisdiction. The statement by Forest that Plaintiffs were aiming to defeat removal by naming Forest Pharmaceuticals, Inc. to the lawsuit, is not sufficient to establish fraudulent joinder.

[7]Plaintiffs do not dispute the general proposition that a defendant may remove a case before being served with process, but argue instead that the pre-service removal in this case violates legislative intent and therefore is a violation of the forum defendant rule. [ECF No 20].

[8]Forest makes a further argument in favor of following the plain reading of the statute. Forest contends that the amendments made to Section 1441 under the Federal Courts Jurisdiction

The principle of statutory construction, calling for courts to apply the plain meaning of the statute in the absence of ambiguous language, is well established. *See U.S. v. Am. Trucking Ass'ns*, 310 U.S. 534, 542-43 (1940). Generally, plain language is the best indicator of intent. *Id.* at 543. However, adherence to plain language can lead to results which could not possibly have been the intent of the drafters. *Id. See also Springdale Mem'l Hosp. Ass'n, Inc. v. Bowen,* 818 F.2d 1377, 1380 (8th Cir. 1987). Then, courts must look beyond the plain meaning of the statutory language. *See Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 527, 109 S. Ct. 1981, 104 L.Ed.2d 557 (1989) (Scalia, J., concurring). The intent underlying the forum defendant rule and the "joined and served" language is to allow out-of-state defendants to avoid local bias and remove to a federal forum, while preventing plaintiffs from joining, but not serving, forum defendants to block removal. It is unlikely that the plain wording of Section 1441(b)(2) broadly encompasses an electronic docket vigil that would enable forum defendants, or out-of-state defendants joined to forum defendants, to exercise their own forum-shopping manipulation of jurisdiction.

---

and Venue Clarification Act of 2011 ("Act"), reflect Congressional support for a literal interpretation of "joined and served." Forest points out that Congress did make changes to Section 1441, but did not amend the "joined and served" language. Forest concludes that a majority of courts have determined that the forum defendant rule does not bar pre-service removal. Forest further presumes that Congress is aware of this "majority" interpretation and adopted it when re-enacting the statute. While it is possible Congress is aware of the split in jurisdictions, it is not entirely clear what the majority interpretation is in light of the recent advent of electronic docketing. The emerging trend in response to the electronic docket seems to be in favor of disallowing pre-service removal. Furthermore, the likelihood of Congressional awareness may be diminished as the Eighth and other Circuits have few opportunities to interpret remand orders of actions removed under Section 1441. District court orders to remand to state court are generally unreviewable. *See* 28 U.S.C. § 1447(d) (stating "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise").

Here, strict adherence to statutory language would run counter to legislative intent instead of furthering it.  Forest removed six days after Plaintiffs initiated this suit.  There was no opportunity to effect service on any defendant prior to removal.  The rationale of the forum defendant rule applies to the parties in this action as the presence of a local defendant, Forest Pharmaceuticals, Inc., reduces the need for a neutral federal forum offering a respite from local bias.  The tactical advantage offered to the defendant by the electronic docket is just as inconsistent with the concerns of diversity and removal jurisdiction as improper joinder by a plaintiff.  Here, the fear of local bias is particularly questionable as Plaintiffs are out-of-state litigants as well as Forest.  While electronic docketing makes removal possible, it does not make it proper.

## IV.    CONCLUSION

This Court finds that pre-service removal here, even if within the plain language of Section 1441 (b)(2), is inconsistent with the fundamental purposes of removal and the forum defendant rule.  As a violation of the forum defendant rule constitutes a jurisdictional defect in the Eighth Circuit, this Court does not have proper subject matter jurisdiction over this action, and remand is required.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand [ECF No. 15] is **GRANTED**. This matter is remanded to the Circuit Court of St. Louis County, Missouri.

Dated this ____10th____ day of October, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE